IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE PAUL HOWARTH,          :
    Plaintiff              :
    v.                     :    Civil Action No. 05-29J
SPECIAL TAX COLLECTOR,         :
    Defendant              :

### Report and Recommendation

Orders and Recommendation

    Plaintiff filed a pro se complaint citing 42 U.S.C.§ 1983, 42 U.S.C.§ 1985, and the Americans with Disabilities Act, 42 U.S.C.§ 12101, et seq., against the above named defendant, who allegedly has an office at 322 Schoolhouse Road (plaintiff alleges that this address is in Stoneycreek Township but I believe it to be the Richland Township Municipal Building) in Richland Township, Cambria County. Pending is plaintiff's motion for a default judgment, docket no. 8, and plaintiff's motions for leave to proceed in forma pauperis, docket no. 11, docket no. 12.

    Plaintiff's motions for leave to proceed in forma pauperis, docket no. 11 and docket no. 12, are denied as superfluous: plaintiff was already granted leave to proceed in forma pauperis. The motion for a default judgment, docket no. 8, is denied. Finally, because the complaint as filed fails to show that plaintiff has standing to file a complaint, this court lacks subject matter jurisdiction, and the complaint must be either amended or dismissed.

Report

    Plaintiff alleges that he is disabled and uses a wheelchair or crutches. He has filed complaints against many area businesses or public entities alleging noncompliance with

this complaint he alleges that the Special Tax Collector (for Richland Township and Richland School District) does not have sufficient ADA compliant parking spaces at its office at 322 Schoolhouse Road, presumably a complaint under Title II of the ADA.

Plaintiff moves for a default judgment, alleging that he served the complaint. His unsigned return of service, docket no. 7, and motion for default, docket no. 8, reflect a mailing to defendant, who presumably is a local government organization which must be served according to Fed.R.Civ.P. 4(j), of a summons. There is no affidavit of service of a complaint. That is not adequate to show defendant is in default, much less that this matter presents the kind of "extreme circumstances," TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir.2001), necessary for entry of a default judgment. See also Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir.1982)(defaults are not favored).

Since plaintiff is proceeding in forma pauperis, I would ordinarily order the Marshal to make service of the complaint on defendant. However, a court has a duty in every case to assure itself that it has subject matter jurisdiction, see Chong v. District Director, INS, 264 F.3d 378, 383 (3d Cir.2001), and this is particularly true when it is asked to expend Marshal's Service resources in serving a complaint. Review of the complaint makes it clear that this court lacks subject matter jurisdiction because plaintiff lacks standing.

As with other complaints filed by plaintiff, it is not clear whether plaintiff intends to state claims under Section 1983

2

and Section 1985 of Title 42 in addition to a claim under the ADA, because all he does is refer to those sections, but if he does intend to state claims under those sections, they would have to be dismissed. The Supreme Court has made it clear that where a federal statute provides its own comprehensive enforcement scheme, Congress intended to foreclose a right of action under Section 1983. See Middlesex County Sewerage Authority v. National Sea Clammers Ass'n, 453 U.S. 1, 20-21 (1981). Since the ADA specifically sets forth what remedies are available, it would contravene the statute's plain intent to render those sections meaningless by judicially tacking on the remedies available under Section 1983. As for a claim under Section 1985, plaintiff does not allege any conspiracy to deprive him of his civil rights.

Under Title II, a legal injury is being excluded from participation in or being denied the benefits of a public entity's services, programs or activities, or being otherwise discriminated against by the public entity. Weinreich v. Los Angeles County Metropolitan Transp. Authority, 114 F.3d 976, 978 (9th Cir.1997). Plaintiff does not allege that he ever suffered harm from the state of the defendant's parking lot. Simply alleging his disability and defendant's deficiency in complying with the ADA is not enough to confer standing. To illustrate, if the ADA hypothetically required defendant to have four handicap parking spots and defendant provided only three, plaintiff can suffer no legal injury and has no standing to challenge the lack of the fourth spot unless the first, second, or third spots were already occupied (by other disabled persons

properly using the spots) on a particular occasion, and the lack of a fourth spot deterred him in fact from using some service or attending some program at defendant's building. Plaintiff makes no such allegations. Further, plaintiff has no standing to seek injunctive relief unless it is "likely," see Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 212 (1995)(holding that standing existed because it was alleged that future injury was "likely" or "extremely likely"), that he will be injured in the future because the ADA compliant parking spaces are always taken. To have a valid complaint, plaintiff must at least allege this kind of harm.

Pursuant to 28 U.S.C.§ 636(b)(1), the plaintiff is given notice that he has ten days to serve and file written objections to this Report and Recommendation, and may within that time also submit an amended complaint.

DATE: 26 July 2005

Keith A. Pesto,
United States Magistrate Judge

cc:
Leslie Paul Howarth, Ph.D.
211 Bentwood Avenue
Johnstown, PA 15904-1333